UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

ROBERT NUNEZ,
on behalf of himself and all others similarly situated,

**CLASS ACTION COMPLAINT**

Plaintiff,

-against-

**09 CIV. 5534**

NATIONWIDE COLLECTIONS, INC.

**JUDGE CASTEL**

Defendant
----------------------------------------------------------------x

Plaintiff, by and through his undersigned attorney, alleges upon knowledge as to himself and his own acts, and as to all other matters upon information and belief, brings this complaint against the above-named defendant and in support thereof alleges the following:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action on his own behalf and on behalf of all others similarly situated for damages and declaratory and injunctive relief arising from the defendant's violation of §1692 *et seq.* of Title 15 of the United States Code, the Fair Debt Collections Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

1

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. This is an action for violation of 15 U.S.C. § 1692.

3. Venue is proper in this district under 28 U.S.C. § 1391(b)(2).

## PARTIES

4. Plaintiff Robert Nunez (hereinafter "Nunez") is a resident of the State of New York, Bronx County. On or about June 17, 2008, defendant sent plaintiff a debt collection notice.

5. Defendant Nationwide Collections, Inc. is a Florida corporation engaged in the business of collecting debts. Defendant regularly attempts to collect debts alleged to be due another. Its Registered Agent is Phillip A. McGarvey, 9407 Poinciana Court, Fort Pierce, Florida 34951

## CLASS ACTION ALLEGATIONS

6. Plaintiff brings this action as a nationwide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of himself and all consumers who have received debt collection notices and/or letters from the defendant which are in violation of the FDCPA, as of the date of plaintiff's complaint, and their successors in interest (the "Class"). Excluded from the Class is the defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of Nationwide Collections, Inc.

2

7. This action is properly maintained as a class action. This Class satisfies all the requirements of Rule 23 for maintaining a class action.

8. The Class is so numerous that joinder of all members is impracticable. Upon information and belief, hundreds of persons have received debt collection notices from the defendant which violate various provisions of the FDCPA.

9. There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

   a. Whether the defendant violated various provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692e, 1692e(3), 1692e(5) and 1692e(10).

   b. Whether plaintiff and the Class have been injured by the defendant's conduct;

   c. Whether plaintiff and the Class have sustained damages and are entitled to restitution as a result of defendant's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

   d. Whether plaintiff and the Class are entitled to declaratory and/or injunctive relief.

10. Plaintiff's claims are typical of the claims of the Class, and plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

11. Plaintiff will fairly and adequately protect the interests of the Class and has retained experienced counsel, competent in the prosecution of class action litigation.

12. A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

13. A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a class action the Class members will continue to suffer losses of statutorily protected rights as well as monetary damages and if defendant's conduct will proceed without remedy it will continue to reap and retain the proceeds of its ill-gotten gains.

14. Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

15. On or about June 17, 2008, defendant did send to the plaintiff an initial collection letter. **Exhibit A**.

16. The June 17, 2008 did not bear the required NYC Department of Consumer Affairs license number.

17. The June 17, 2008 collection letter falsely threatens legal proceedings and is signed by its Litigation Manager.

18. As a result of defendant's abusive, deceptive and unfair debt collection practices, plaintiff has been damaged.

## FIRST CAUSE OF ACTION
(Violations of the FDCPA)

19. Each of the above allegations is incorporated herein.

20. Defendant's debt collection attempts violate various provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692e, 1692e(3), 1692e(5) and 1692e(10) by falsely threatening legal action and attempting to collect a debt absent the required New York City Department of Consumer Affairs license.

21. As a result of defendant's violations of the FDCPA, plaintiff has been damaged and is entitled to statutory damages, costs and attorney's fees.

**WHEREFORE**, plaintiff respectfully requests that the Court enter judgment as follows:

a) Declaring that this action is properly maintainable as a class action and certifying plaintiff as Class representative;

b) Awarding plaintiff statutory damages;

c) Awarding class members the maximum statutory damages.

d) Awarding plaintiff costs of this action, including reasonable attorneys' fees and expenses; and

e) Awarding plaintiff such other and further relief as the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the FRCP, plaintiff hereby demands a trial by jury.

Dated: June 16, 2009
Uniondale, New York

Abraham Kleinman (AK-6300)
KLEINMAN LLC
626 RXR Plaza
Uniondale, New York 11556-0165
Telephone (516) 522-2621
Facsimile  (888) 522-1692



Exhibit A



# Nationwide Collections, Inc.

805 Virginia Avenue
Suite 1
Fort Pierce, FL 34982-5881

Tel: (772) 465-3003
Fax: (772) 465-3004
Toll Free: 888-839-6158

ROBERT MUNEZ
2241 HOLLAND AVE
APT 3B
BRONX, NY 10467

17 June, 2008

Record number: 32746

Dear ROBERT,
The clock is ticking - act now!

NEW PAYMENT OPTION!
CREDIT CARD OR CASH - NO PHONING BANKS
JUST CALL TOLL FREE: 860-637-6018

**Debt of $ 1,236.00 owed to Sunshine Readers**

We are a debt collection agency and have been instructed to collect the above debt from you. It remains outstanding despite our client's reminders; it is for, invoiced to you in the sum of $ 1,236.00. *The small claims procedure in the County Court makes it viable to sue you for this debt.*

UNLESS WE RECEIVE PAYMENT FOR THE FULL AMOUNT WITHIN 7 DAYS, WE SHALL ADVISE ISSUE OF LEGAL PROCEEDINGS IN THE COUNTY COURT WITHOUT FURTHER NOTICE OR DELAY. A court judgment could then make it difficult for you to obtain future credit. This would also go on your credit report with a major Credit Bureau, which could affect your ability to obtain credit, buy a home or an automobile.

In your own interest, make the payment NOW. Send it with this letter (sign and date the section at the bottom) in the reply paid envelope enclosed, so that legal action can be prevented. Payment must be made to 'Nationwide Collections, Inc' and you should quote record number 32746.
Yours sincerely,
*Tom Lincoln*
**LITIGATION MANAGER**

**1. Paying by check or money order: complete and return in the prepaid envelope we have provided.**
I enclose my payment of $ 1,236.00 to Nationwide Collections, Inc. Please prevent any legal action.
Signature_____ Date_____
ROBERT MUNEZ
**LEGAL SECTION USE ONLY:** **REF:** 32746    **RECD:** $ 1,236.00

[Credit card payment section - VISA or MASTERCARD]

**3. Paying by cash:** Just take this letter, with $ 1,236.00 in cash to any Wal-Mart and pay through MoneyGram, WAL-MART MoneyGram receive code: 3370, Customer account number: 32746, Nationwide Collections, Inc., Fort Pierce, FL.


ACA INTERNATIONAL
The Association of Credit and Collection Professionals


Better Business Bureau
Member Since 1998

